Citation Nr: 1717647 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 13-01 523 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to increases in the ratings for residuals of prostate cancer (currently 0 percent prior to August 5, 2013 and 60 percent from that date).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Edwards, Associate Counsel






INTRODUCTION

The Veteran served on active duty from November 1965 to September 1967.

This appeal to the Board of Veterans' Appeals (Board) is from a March 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In March 2015, the Board remanded this matter to the RO for further development. The requested development has been substantially completed, and the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). However, the record suggests that medical records relating to the claim are not associated with the claims file.

Accordingly, this appeal is REMANDED to the Agency of Original Jurisdiction (AOJ) for additional development. 


REMAND

In regard to the Veteran's claim for increased ratings for residuals of prostate cancer, the Veteran was scheduled for VA examinations in April 2013 and June 2013, which he failed to attend, and provided a VA examination in August 2013. In a September 2016 brief, the Veteran suggested that medical records pertaining to his claim had not associated with his file; but to date, no additional evidence has been submitted by the Veteran. However, the Veteran's representative noted that different correspondence has been sent to different addresses for the Veteran. Thus, it appears that the AOJ development letters were sent to an old address. These requests must be re-sent.

The Veteran has alleged that the severity of his disability warrants not only a higher initial evaluation but also an increase in the current rating. Therefore, an updated VA examination should be conducted, and medical records from December 2009 to present must be associated with the claims file. 

Therefore, although the Board sincerely regrets the delay, this claim must be remanded for further development. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and his representative and ensure that all contact information currently in VBMS for the Veteran is current. 

2. Ask the Veteran to identify all treatment he has received for his residuals of prostate cancer and make arrangements to obtain all records not already associated with the claims file.

3. After receipt of records, schedule the Veteran for an appropriate examination for a report on the current severity of the Veteran's residuals of prostate cancer.

4. After completing the requested actions, readjudicate the claim in light of all pertinent evidence. If the benefit sought remains denied, furnish to the Veteran and his representative a Supplemental Statement of the Case.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).









This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).